[Civ. No. 18953. Second Dist., Div. Two. Dec. 5, 1952.]

EDNA HARRIET STOCK, Appellant, v. GLENN L. MEEK et al., Respondents.

Desmond & Desmond and Walter Desmond, Jr., for Appellant.

Newton M. Todd and James J. Baker for Respondents.

McCOMB, J.—Plaintiff appeals from (1) an order granting defendants' motion for a nonsuit, and (2) the judgment predicated upon the order.

*Facts:* This cause has previously been before the Supreme Court on appeal in *Stock* v. *Meek*, 35 Cal.2d 809 [221 P.2d 232], and the facts are thus stated in that opinion beginning at page 811:

"Plaintiff brought this action to rescind the purchase from defendants, husband and wife, of space in a cooperatively-owned apartment house and to recover the amount she had paid defendants therefor. Defendants counterclaimed for interest that they had paid plaintiff on a usurious loan.

"Early in 1945 defendants purchased the Palace Apartment Hotel in Long Beach. They intended to sell the forty-six apartments to purchasers on an 'own-your-own' plan. An escrow and trust were set up to convey title to purchasers, to pay expenses, and to distribute any profits. . . .

"In a separate transaction, plaintiff purchased a non-residential part of the apartment house, called 'Space 101' by the parties. She paid defendant Glenn L. Meek $9,000 for the 'exclusive and permanent right of occupancy,' as described in the Certificate of Beneficial Ownership issued by the trustee, Security-First National Bank of Los Angeles. The record does not disclose what use plaintiff intended to make of the space. Plaintiff alleged, however, that defendant had represented to her that the space could be 'used and owned exclusively' after the lobby of the building had been completed, and that she had purchased the space in reliance on this representation. Plaintiff alleged that when the work on the lobby was completed, she discovered that no one could obtain the exclusive and permanent occupancy of the space because of the building and fire regulations of the city of Long Beach. Plaintiff thereafter gave prompt notice of rescission; she seeks in the action to recover the $9,000 paid. Her complaint also included a common count for $9,000 had and received by defendants for her use and benefit.

"Defendants denied the allegations of the complaint and counterclaimed for the interest or bonus paid on the note. . . .

"Defendants have moved to dismiss the appeal from the judgment in the light of the following events occurring after entry of judgment. Plaintiff gave notice of appeal on June 23, 1948. Plaintiff did not, however, file a bond for stay of execution. Defendants levied execution on property of plain-

tiff, including her interest in the Palace Apartment Hotel trust representing Space 101 and Apartment 702. . . . On or about October 28, 1948, both Space 101 and Apartment 702 were sold by the sheriff at public auction to the highest bidders. Space 101 was purchased by defendant Glenn Meek for $3,000, credited as a partial satisfaction of the judgment. . . .

"After the sale of Space 101 to defendant Glenn Meek on execution, the maintenance charges required of plaintiff by the trust became delinquent. The trustee sold Space 101 at public auction on June 3, 1949, under a power of sale provided by the declaration of trust. Space 101 was again purchased by defendants, who paid a cash consideration not exceeding $1,000. On June 22, 1949, defendants made a bona fide sale of Space 101 for $4,050 to a third person or persons who are now the owners of the space.

"Defendants move to dismiss the appeal on the ground that the questions involved here have become moot. Their claim is not, however, that the outcome of the appeal is a matter of indifference to the parties or that consideration and disposition of the case on the merits cannot affect the substantial rights of the parties. They contend that plaintiff has destroyed her cause of action for rescission by her loss of Space 101, which she had offered to restore to defendants at the time she gave notice of rescission."

*Question: Did the trial court err in granting a motion for nonsuit upon the ground that plaintiff's cause of action had been destroyed by reason of the fact that subsequent to the notice of rescission of her contract with defendants she had lost the property which she had received from them and thus could not place defendants in status quo?*

*Yes.* These rules are here applicable:

1. All questions decided on a motion to dismiss an appeal become the law of the case. (*Morris Plan Co.* v. *Kahen,* 135 Cal. 395, 396 [1] [26 P.2d 855].)

2. Where questions presented on a subsequent appeal were necessarily involved in a former appeal, and the conclusion arrived at on the former appeal could not have been reached without expressly or impliedly deciding the question subsequently presented, the decision on the former appeal is the law of the case and rules throughout all subsequent stages of the action. (*Kirman* v. *Borzage,* 89 Cal.App.2d 898, 900 [2] [202 P.2d 303]. See, also, cases cited in 1 West's Cal. Dig. [1951] Appeal & Error, § 1195(1), p. 784.)

In the instant case defendants moved to dismiss the prior appeal (*Stock* v. *Meek, supra,* 813 [1]) on the very ground upon which the motion for a nonsuit from which the present appeal is taken was predicated. The motion to dismiss the appeal was denied (*Stock* v. *Meek, supra,* 815). Hence it follows that under rule 1, *supra,* the Supreme Court's ruling became the law of the case, and under rule 2, since the Supreme Court had ruled adversely to defendants' position the trial court was bound on a retrial by such ruling and erred in granting the motion for a nonsuit.

The order and judgment are and each is reversed.

Moore, P. J., and Fox, J., concurred.