[Civ. No. 35638. Second Dist., Div. Four. Nov. 19, 1970.]

ELIZABETH S. DAVIES, as Executrix, etc., Plaintiff and Appellant, v. NORMAN KRASNA, Defendant and Respondent.

## COUNSEL

Max Fink, John J. Waller, Sanford B. Schulhoffer, Jr., and R. Stephen Duke for Plaintiff and Appellant.

Mitchell, Silberberg & Knupp and Arthur Groman for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—This is an appeal by plaintiff Davies from a judgment entered in favor of defendant Krasna after the trial court granted defendant's motion for judgment on the pleadings.

Two trials and a prior appeal have occurred in this case. In the first trial defendant's motion for nonsuit was granted as to plaintiff's cause of action on an implied in law obligation for breach of trust or confidence and the jury was unable to reach a verdict as to the cause of action on an implied in fact contract. In the second trial the jury returned a verdict for defendant on the first cause of action on the implied in fact contract. Plaintiff appealed. The appellate court, in *Davies* v. *Krasna* (1966) 245 Cal.App.2d 535 [54 Cal.Rptr. 37], affirmed the judgment on the first cause of action and reversed the judgment of nonsuit on the second cause of action on the implied in law obligation for breach of trust or confidence. The Supreme Court denied a hearing.

The case proceeded to the superior court, after remittitur, on the pleadings. Defendant filed a motion for summary judgment on grounds of estoppel by judgment and res judicata. The motion was denied. Defendant moved for judgment on the pleadings on the above same grounds. The trial court granted defendant's motion on the pleadings on the grounds of res judicata and collateral estoppel.

The pleadings were as follows: Plaintiff alleged that Valentine Davies created certain literary ideas and that he submitted them to Norman Krasna,

a playwright and screenwriter, on or about December 6, 1951; that Krasna agreed to pay Davies if he used them; and that Krasna did use them but did not pay Davies. Krasna, on the other hand, alleged that Davies never submitted his story to Krasna in 1951, or any other time, and that Krasna conceived of the story a full year before Davies allegedly conceived the story. The original plaintiff, Valentine Davies, died before the first trial and his executrix has conducted proceedings.

Plaintiff argues that the judgment in defendant's favor on the first cause of action on the theory of implied in fact contract is not res judicata as to plaintiff's second cause of action on the theory of an implied in law obligation. The defendant contends that plaintiff's theories of implied in fact contract and implied in law obligation are not two separate causes of action, but mere separate counts based on one cause of action, such that the court's finding in favor of defendant on the "implied in fact contract" count would bar plaintiff under the doctrine of res judicata from trying the case on the "implied in law obligation" count.

 The basic issue before this court is whether the trial court erred in concluding that plaintiff was precluded from trying the case on the theory of "implied in law contract and unjust enrichment" by the doctrine of res judicata and collateral estoppel. We find that the trial court erred in not granting plaintiff a trial on the merits on her second cause of action in "implied in law contract."

The trial court erred in depriving plaintiff of a trial on the merits as to her second cause of action for breach of trust and confidence on an implied in law obligation because (1) the law of the case as set forth by the prior appellate court decision in this case established that nonsuit was improperly granted as to the second cause of action, and that plaintiff was entitled to a trial on the merits, and (2) because plaintiff's cause of action as to implied in law obligation is a separate cause of action from an implied in fact contract and therefore not barred by res judicata.

I

Plaintiff's right to a trial on the merits was established in the first appeal of the case. The Court of Appeal in the first appeal in the case at bench (*Davies* v. *Krasna* (1966) 245 Cal.App.2d 535, 550, 560 [54 Cal.Rptr. 37]) affirmed the judgment in favor of defendant on the first cause of action, but reversed the nonsuit as to the second cause of action on implied in law obligation. That court said: "Consequently, there was an issue of fact as to whether, in breach of his duty as heretofore stated, Mr. Krasna had improperly made use of Mr. Davies' idea for his personal purposes. (See *Teich* v. *General Mills, Inc.*, 170 Cal.App.2d 791, 797-798 [339 P.2d 627].) Under

the governing law, the nonsuit was improperly granted as to the second cause of action.

". . . . . . . . . . . . . . . . . . .

"It is therefore ordered:

". . . . . . . . . . . . . . . . . . .

"3. That the portion of the amended judgment granting a nonsuit as to the second cause of action is reversed; . . ."

Thus, the Court of Appeal in the prior appeal deliberately preserved plaintiff's right to a trial on the merits as to the second cause of action. It is the general rule that all the issues and questions adjudicated on a prior appeal are the law of the case on all subsequent appeals and will not be reconsidered. (*Allen* v. *California Mutual B. & L. Assn.* (1943) 22 Cal.2d 474 [104 P.2d 851].) "Where questions presented on a subsequent appeal were necessarily involved in a former appeal, and the conclusion arrived at on the former appeal could not have been reached without expressly or impliedly deciding the question subsequently presented, the decision on the former appeal is the law of the case and rules throughout all subsequent stages of the action." (*Stock* v. *Meek* (1952) 114 Cal.App. 2d 584, 586 [250 P.2d 622].)

The identity or nonidentity of the two causes of action must have been examined by the appellate court in the first appeal, and by reversing the nonsuit on the second cause of action, the appellate court has determined that the two causes of action could not be identical nor is plaintiff's second cause of action barred by res judicata or collateral estoppel.

Defendant argues that the earlier reversal by the appellate court did not necessarily remand the case for a new trial on the merits as to the second cause of action, and that if the court did not intend a retrial, then the question of res judicata was not impliedly determined in the first appeal. While it is true that "judgment reversed" does not call for a retrial when it is clear the court's intent was otherwise (*Stromer* v. *Browning* (1968) 268 Cal.App.2d 513, 518 [74 Cal.Rptr. 155]), the general rule is that unqualified reversal without directions by the Court of Appeal is to remand the case for a new trial on the merits. (*Erlin* v. *National Union Fire Ins. Co.* (1936) 7 Cal.2d 547 [61 P.2d 756]; *Weightman* v. *Hadley* (1956) 138 Cal.App.2d 831 [292 P.2d 909].)

In the case at bench there is no reason to apply any rule other than the general rule, providing for retrial after reversal. There is no showing here that the appellate court's intent was not to remand the case. The court states in the first appeal "there was an issue of fact" as to whether Krasna

breached his duty and the "nonsuit was improperly granted as to the second cause of action." Where else could this remaining issue of fact be determined if not in a new trial on the merits?

## II

In any case, the first and second causes of action are not merely different counts of the same cause of action, but are separate causes of action. The implied in fact cause of action clearly involves a contractual right, but the implied in law obligation is in reality not a contract at all. In *Weitzenkorn* v. *Lesser* (1953) 40 Cal.2d 778 [256 P.2d 947], the court said at page 794: "It is unnecessary for the pleading to distinguish between the contract implied in fact and the contract implied in law, or quasi contract, *but the elements which must be proved for recovery upon each of them are quite different.*

". . . The so-called 'contract implied in law' *in reality is not a contract.* [Citations.] *'Quasi-contracts, unlike true contracts, are not based on the apparent intention of the parties to undertake the performances in question, nor are they promises. They are obligations created by law for reasons of justice.'* [Citation.] Quasi-contractual recovery is based upon benefit accepted or derived for which the law implies an obligation to pay." (Italics supplied.)

If we understand him correctly, counsel for defendant has argued to us that, because some of the essential elements of a cause of action for recovery on the theory of a contract implied in law were also in issue under the cause of action for recovery on the theory of a contract implied in fact, the jury's verdict adverse to plaintiff on the first cause of action is necessarily res judicata as to the second cause of action. The result does not follow. Although special interrogatories were submitted to the jury at the trial, they were not lawfully answered; all that we have is a general verdict in favor of defendant on the first cause of action. That verdict could have been based on a finding by the jury that there was no contract—express or implied in fact; we have no evidence that the jury, by the requisite number, found in favor of defendant as to any issue of fact involved in a suit based on the theory of a contract implied in law. Under these circumstances no adjudication binding on plaintiff as to the second cause of action has been shown. (Cf. *Braslow* v. *Kelly* (1957) 151 Cal.App.2d Supp. 852 [312 P.2d 432].)

## III

Defendant argues that the Supreme Court case of *Lear* v. *Adkins* (1969) 395 U.S. 653 [23 L.Ed.2d 610, 89 S.Ct. 1902] expressly required the California courts to reconsider whether state law may protect unpatented

ideas, and defendant appears to suggest that quasi-contractual recovery may no longer be available to plaintiff since the *Lear* decision.

In *Lear,* the United States Supreme Court reversed a judgment previously affirmed by the Supreme Court of California in favor of the owner of a patent allegedly invalid. In so doing, the Supreme Court overruled a line of cases (on which the California court had relied) holding that a licensee could not, as against its licensor, assert patent invalidity. Having directed a reversal for trial of the validity issue, the court then turned to consider the possibility that the licensor might recover on a theory of contract implied in law or in fact. Noting that California had not passed on the licensor's rights under such theories, the Supreme Court said: "Our decision today will, of course, require the state courts to reconsider the theoretical basis of their decisions enforcing the contractual rights of inventors and it is impossible to predict the extent to which the re-evaluation may revolutionize the law of any particular State in this regard. Consequently, we have concluded, after much consideration, that even though an important question of federal law underlies this phase of the controversy, we should not now attempt to define in even a limited way the extent, if any, to which the States may properly act to enforce the contractual rights of inventors of unpatented secret ideas. Given the difficulty and importance of this task, it should be undertaken only after the state courts have, after fully focused inquiry, determined the extent to which they will respect the contractual rights of such inventors in the future. Indeed, on remand, the California courts may well reconcile the competing demands of patent and contract law in a way which would not warrant further review in this Court." (395 U.S. at p. 675 [23 L.Ed.2d at p. 625].)

We are cited to no case in which our Supreme Court has attempted the "re-evaluation" thus suggested, even in the narrow field of unpatentable inventions involved in *Lear,* much less in the wider and different field of literary property. Unless and until our own Supreme Court advises us to the contrary, we must determine cases such as that at bench on the basis of the long line of California literary property cases on which plaintiff, and the appellate court on the former appeal, relied.

In this connection we note that Division Five of this court, in an opinion filed long after the decision in *Lear,* reaffirmed the right of recovery in a case similar to that herein involved, saying: "The right of plaintiff's work to protection by reason of sufficient novelty and elaboration of the accessible idea is a prequisite, of course, in the common law copyright count and also, we feel, in the unjust enrichment-breach of confidence count. This is because they are not based upon, and so do not have the limitations .of, contractual promises. This is clear as to the common law copyright situa-

tion, and brief contemplation reminds us that the function of a quasi contract . . . 'is to raise an obligation in law where in fact the parties made no promise.' (Nimmer on Copyright, § 168.1, p. 722; and § 171, p. 747, citing *Thompson* v. *California Brewing Co.,* 150 Cal.App.2d 469 [310 P.2d 436].) It is not based on apparent intentions of the involved parties; it is an obilgation created by law for reasons of justice. (*Weitzenkorn* v. *Lesser* . . . 40 Cal.2d 778, 794.)" (*Fink* v. *Goodson-Todman Enterprises, Ltd.,* (1970) 9 Cal.App.3d 996, 1009, 1010 [88 Cal.Rptr. 679].)

■ Plaintiff alleges that defendant is estopped by his own conduct from raising the issue of res judicata. The court in *Lunsford* v. *Kosanke* (1956) 140 Cal.App.2d 623 [295 P.2d 432], held that a defendant was barred from raising res judicata where his position in the prior action was that no relief could be granted under the pleadings, and as a result he induced the ruling that no evidence can be admitted under the pleadings. The court said that where a defendant defeats an action on the grounds that the pleadings do not warrant recovery on the facts, he is estopped in the second action to insist that the second action is barred by a former judgment because the matter might have been settled in the former action. (*Lunsford* v. *Kosanke, supra,* 140 Cal.App.2d 623.) Since Krasna induced the trial court in the first trial to grant a nonsuit on the second cause of action for breach of implied in law contract, thus preventing trial on the merits on a matter that could have been settled in the first trial, he is estopped from claiming that plaintiff's action is barred by res judicata.

The judgment is reversed.

Jefferson, Acting P. J., and Frampton, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 10, 1971. Mosk, J., did not participate therein.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.