202 Cal.App.3d 14 (1988)
249 Cal. Rptr. 285
HALBERT'S LUMBER, INC., Plaintiff and Appellant,
v.
JOSEPH W. BURDETT, Defendant and Respondent.
Docket No. 17693.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
May 25, 1988.
*16 COUNSEL
John M. Palenko for Plaintiff and Appellant.
Palmieri, Tyler, Wiener, Wilhelm & Waldron and Paul R. Johnson for Defendant and Respondent.
OPINION
WOODS, J. 

FACTUAL SYNOPSIS
Appellant Halbert's Lumber, Inc., alleges it is a materialman and brings this action to foreclose a mechanic's lien on the personal residence of respondent Joseph W. Burdett and his wife, Mary Jean Burdett. This real property, owned by the Burdetts, is located within the Los Angeles Judicial District. James Calo Construction, the general contractor who is identified in the exhibits to the complaint as the person who contracted with appellant for the purchase of the purported materials, is not named as a defendant.
Appellant's claim of lien was filed on December 26, 1984. Appellant filed its complaint on February 27, 1985, in the Municipal Court for the South Bay Judicial District of Los Angeles County. On appeal following that court's denial of a motion for change of venue, this court reversed and directed a change of venue to the Municipal Court for the Los Angeles Judicial District on the ground that the latter court is the proper court for an action to foreclose on the Burdetts' property.[1] The papers in this action were transmitted on February 19, 1987, and were filed in the Los Angeles Municipal Court on February 23, 1987. Burdett demurred to the purported *17 foreclosure action on the ground that it was not timely filed in the proper court.
Burdett also demurred to appellant's purported second cause of action, a common count. This court previously determined that this purported common count is invalid as a matter of law on the face of the complaint.
On April 23, 1987, the court below, the Honorable Richard A. Paez, Judge presiding, found appellant's purported causes of action to be barred as a matter of law, sustained Burdett's demurrer without leave to amend and dismissed the action. This appeal followed.

CONTENTIONS ON APPEAL
Appellant initially contends that the trial court erred in sustaining respondent's demurrer without leave to amend. Appellant asserts that since the foreclosure action was filed in the proper county, it was therefore filed in the proper court regardless of the initial erroneous filing in the wrong judicial district.
Appellant further contends that even if the action was filed in the wrong judicial district, but within the proper county, under Code of Civil Procedure section 396,[2] the subsequent transfer to the proper judicial district would cause the action to relate back (i.e., be deemed to have been commenced) to the initial filing in the wrong judicial district.
Lastly, appellant contends that his second cause of action sounding in a common count directly against the property owner is viable regardless of the outcome of the decision on foreclosing the mechanic's lien.

DISCUSSION
(1) We begin by noting that the right to a mechanic's lien depends upon strict compliance with the requirements of the mechanic's lien statutes. (Howard v. Societa di Unione etc. Italiana (1944) 62 Cal. App.2d 842, 850 [145 P.2d 694].) (2) Civil Code section 3144, subdivision (a), provides in *18 pertinent part that no mechanic's lien "binds any property for a longer period of time than 90 days after the recording of the claim of lien, unless within that time an action to foreclose the lien is commenced in a proper court. ..." (Italics added.) Code of Civil Procedure section 392, subdivision (2), further provides in pertinent part that, for the foreclosure of all liens on real property, the proper court is the judicial district "in which the real property which is the subject of the action ... is situated...." Appellant filed its mechanic's lien against respondent's property on December 26, 1984. The complaint was filed in the South Bay Judicial District on February 27, 1985, which was not in the proper judicial district, since neither the real property nor any part thereof was within the South Bay Judicial District.
In reviewing the trial court's denial of respondent's motion for a change of venue, this appellate department determined that the proper court for this action was in the Los Angeles Judicial District. Accordingly, the trial court ordered the action transferred to the proper court, i.e., the Los Angeles Judicial District, on February 23, 1987, well after the 90-day period to file in the proper court had expired.
In Douglas v. Donner Pines, Inc. (1977) 73 Cal. App.3d 268 [140 Cal. Rptr. 839], the appellate court held that dismissal of the complaint to foreclose a mechanic's lien was proper when the action was transferred to the "proper court" more than 90 days after the claim had been recorded. In Douglas, the court determined that the action was not filed in the proper court because it had been filed in the wrong county. The Douglas court's reasoning in interpreting a "proper court" was based on the analysis of the precise purpose of a particular statute (Code Civ. Proc., § 392), and not on the subtleties of the constitutional distinction between jurisdiction and venue, jurisdiction having been eliminated from consideration (with respect to defining "proper court" for commencement of actions to foreclose liens on realty) by the repeal of former article VI, section 5, of the California Constitution in 1966. (Douglas, supra, at p. 271.) Although in the instant case the issue of the "proper court" was decided on the basis of filing in the wrong judicial district, the situation is analogous to that faced by the court in Douglas.
Appellant argues that Code of Civil Procedure section 396 is applicable to this case since this appellate department held in Division of Labor Law Enfmt. v. Egnew Investment, Inc. (1966) 247 Cal. App.2d Supp. 863, 865 [55 Cal. Rptr. 767], that where an action is brought in the wrong judicial *19 district, but the right county, section 396 applied.[3] However, Egnew is based on a statute that was repealed (i.e., Code Civ. Proc., § 1198.1) when Civil Code section 3144 was enacted in 1969 and became operative in 1971 pertaining to the subject of the proper court for enforcing liens against real property. Egnew was decided in June of 1966, the same year that former article VI, section 5, of the California Constitution was repealed. We also note that Code of Civil Procedure section 392[4] (amended in 1976) requires a mechanic's lien to be foreclosed in the proper county and within the proper judicial district of the county (assuming, arguendo, that the county has more than one judicial district). We therefore question the propriety of appellant's reliance on Egnew. Since Douglas, supra, 73 Cal. App.3d 268, which postdates Egnew, was decided by an appellate court and is contrary to Egnew, we are bound by Douglas, which we view as being analogous. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal. Rptr. 321, 369 P.2d 937].) Egnew is therefore reversed as being inconsistent with Douglas and with the views expressed herein.
(3) Appellant lastly contends that its common count, a second cause of action for "goods furnished," is nevertheless viable regardless of the outcome of the decision concerning the issue of whether the action was commenced in the proper court. The viability of the second cause of action was before this court on the appeal of the trial court's ruling denying appellant's motion to change venue. The ruling of this court finding that the second cause of action is not viable is the law of the case. (Davies v. Krasna (1970) 12 Cal. App.3d 1049, 1053 [91 Cal. Rptr. 250].) Further, we are convinced that the holding of this appellate department in ruling that the second cause of action (i.e., the common count) is not viable is a correct decision pursuant to R.D. Reeder Lathing Co. v. Allen (1967) 66 Cal.2d 373, 376 [57 Cal. Rptr. 841, 425 P.2d 785], wherein the court stated: "The part of the *20 judgment that defendant is personally liable to plaintiff is clearly erroneous. (4) In the absence of a contract between a lien claimant and the property owner, the right to enforce a mechanic's lien against real property does not give rise to personal liability of the owner. [Citations.]"
The order of dismissal is affirmed. Respondent to recover costs and attorney's fees on appeal pursuant to Civil Code section 1717.
Newman, Acting P.J., and Roberson, J., concurring.
NOTES
[1] This court's previous opinion in this matter was filed July 9, 1986, in superior court appellate department civil appeal No. 16864. A copy of that opinion is attached to Burdett's demurrer papers as exhibit A.
[2] Code of Civil Procedure section 396 provides in relevant part: "If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this state which has such jurisdiction, the action or proceeding shall not be dismissed ... but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof, and it shall thereupon be entered and prosecuted in the court to which it is transferred as if it had been commenced therein, all prior proceedings being saved...."
[3] We note that in Egnew, the court made the following observation: "If the statute requires an action to be filed in both the right county and the right judicial district to constitute commencement `in a proper court,' plaintiff must fail, because plaintiff did not file the action in Santa Anita Judicial District within the 90-day period...." (247 Cal. App.2d Supp. at p. 865.)
[4] Code of Civil Procedure section 392 provides in pertinent part: "(1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions: ... [¶] (b) For the foreclosure of all liens and mortgages on real property.

"(2) The proper court for the trial of any such action, in the county hereinabove designated as the proper county, shall be determined as follows: [¶] If there is a municipal or justice court, having jurisdiction of the subject matter of the action, established in the city and county or judicial district in which the real property which is the subject of the action, or some part thereof, is situated, such court is the proper court for the trial of such action; otherwise any court in such county having jurisdiction of the subject matter of the action, is a proper court for the trial thereof."