**TWIN CITY FIRE INSURANCE COMPANY, a corporation, Plaintiff—Appellee,**

v.

**Wayne ENNEN, dba Ennen and Associates; Julia Ennen, dba Ennen and Associates, Defendants—Appellants,**

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

American Motorists Insurance Company, an Illinois corporation; United States Fire Insurance Company, a New York corporation, Defendants—Appellees,

and

Wunda Weve Carpets, Inc., a South Carolina corporation, Defendant.

No. 02–15276.

D.C. No. CV–99–06031–AWI(SMS).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2003.

Decided April 22, 2003.

Before B. FLETCHER, KOZINSKI and TROTT, Circuit Judges.

## MEMORANDUM*

The insurance policies do not cover the judgment against Wunda Weve. California law resolves ambiguities in favor of the insured, *see Reserve Ins. Co. v. Pisciotta*, 30 Cal.3d 800, 807–08, 180 Cal.Rptr. 628, 640 P.2d 764 (1982), but the policies are not susceptible to the Ennens' construction. The judgment is indeed a liability Wunda Weve is "legally obligated to pay as damages." *Vandenberg v. Superior Court*, 21 Cal.4th 815, 841, 88 Cal.Rptr.2d 366, 982 P.2d 229 (1999) (internal quotation marks omitted). The policies' coverage, however, extends only to "injury arising out of ... [m]isappropriation of advertising ideas or style of doing business." Wunda Weve's breach of an implied-in-fact contract was not misappropriation. "Misappropriation" is the wrongful taking of property, *see Lebas Fashion Imps. of U.S.A., Inc. v. ITT Hartford Ins. Group*, 50 Cal.App.4th 548, 562, 59 Cal.Rptr.2d 36

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(1996), not mere failure to pay a debt for property lawfully obtained. Wunda Weve was held liable, not for wrongfully taking the Ennens' advertising idea, but for failing to perform its financial obligations.

That Wunda Weve may never have intended to perform is irrelevant.[1] Even if there was no meeting of the minds, *see Desny v. Wilder*, 46 Cal.2d 715, 736–37, 299 P.2d 257 (1956), and even if Wunda Weve merely "should have known" the Ennens would construe its actions as assent, the fact remains that Wunda Weve was held liable only for failing to perform, not for fraud in the formation of the contract. Notably, the judgment was not for breach of an implied-in-law contract, a fiction the law imposes to rectify wrongful conduct. *See Davies v. Krasna*, 12 Cal.App.3d 1049, 1054, 91 Cal.Rptr. 250 (1970). Rather, Wunda Weve agreed–either intentionally or through conduct reasonably so construed–to pay money in return for an advertising idea. It was held liable only for its subsequent failure to do so.

The policy's exclusion exception for "misappropriation of advertising ideas under an implied contract" does not alter this result. Exceptions to exclusions do not create coverage. *See Hurley Constr. Co. v. State Farm Fire & Cas. Co.*, 10 Cal. App.4th 533, 540, 12 Cal.Rptr.2d 629 (1992). The exception does imply that at least *some* breaches of implied contract are covered, but it does not imply that *every* such breach is covered. And, as relevant here, it does not imply that breach of an *implied-in-fact* contract is covered.

**AFFIRMED.**

---

1. The claim of misappropriation was dismissed and not reinstated on appeal.