Filed 4/22/16  Chao v. Chui CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ESTHER CHAO, | B262714 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC544149) |
| v. | |
| CHRISTINE CHUI, Personal Representative of Robert Tak-Kwong Chui, Decedent, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Samantha P. Jessner, Judge.  Reversed and remanded with directions.

Law Offices of Michael Leight and Michael Leight for Plaintiff and Appellant.

Freeman, Freeman & Smiley, Jared A. Barry and Stephen Lowe for Defendants and Respondents.

This action, filed by a beneficiary of a trust against the widow and representative of a former trustee and his estate, alleges the trustee breached his

fiduciary duties and caused the beneficiary financial harm.  The trial court sustained without leave to amend the representative's demurrer to the complaint on the ground that the beneficiary's tort claim concerned internal trust affairs exclusively within the jurisdiction of the "probate court."  The court subsequently dismissed the action and entered judgment in favor of the representative.

We conclude the trial court correctly determined that it lacked jurisdiction over this matter involving the internal affairs of a trust.  We further conclude, however, that the trial court should have transferred the matter to the "probate department" of the Los Angeles Superior Court (LASC) rather than dismissing the action.[1]  Accordingly, we reverse the judgment and remand with instructions to transfer the matter to the probate department in which the beneficiary's petition for breach of trust is pending.

## BACKGROUND

On review from an order sustaining a demurrer we accept as true the factual allegations of the operative complaint.  (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 55.)  Plaintiff and appellant is Esther Chao.  Her

---

[1]    A lack of subject matter jurisdiction refers to an absence of judicial power to hear or determine a case.  (*Harnedy v. Whitty* (2003) 110 Cal.App.4th 1333, 1343 (*Harnedy*).)  As the trial court implicitly recognized that was not the case here.  The LASC "is divided into departments, including the probate department, as a matter of convenience; but the subject matter jurisdiction of the superior court is vested as a whole."  (*Estate of Bowles* (2008) 169 Cal.App.4th 684, 695.)  The phrase "probate court" is commonly employed, but there is no distinct tribunal; it is merely a department of the LASC exercising that jurisdiction.  (See Prob. Code, § 7050 ["The superior court has jurisdiction of proceedings under this code concerning the administration of the decedent's estate"]; see also 14 Witkin, Summary of Cal. Law (10th ed. 2005) Wills and Probate, § 346, p. 434.)

2

brother, Robert Tak-Kwong Chui (Robert)**2** passed away on June 9, 2013.  During his lifetime, Robert served "as trustee of various (Trusts) settled by his father"—for whom Robert acted as conservator—"and his late mother."  Appellant claims she is a beneficiary of at least one such trust and that Robert breached his fiduciary duties while acting in his capacity as trustee and, by doing so, caused her financial harm in an as yet undetermined amount.  Defendant and respondent Christine Chui, Robert's widow, became the personal representative of her late husband and his estate (Estate); Letters of Administration were issued in September 2013.

On January 14, 2014, appellant filed a Creditor's Claim with the Estate.  She alleged that, in October 2012, she filed a petition in the probate department (LASC case No. BP137413) "claiming that Robert  . . . acted illegally as trustee of his parents [*sic*] trust," that "[m]ultiple accountings for the trust and the sub-trusts [would] be filed shortly," and that discovery remained incomplete in that ongoing proceeding.  Respondent rejected the Creditor's Claim in its entirety on February 7, 2014.

On April 30, 2014, appellant filed this tort action alleging that Robert breached his fiduciary duties as trustee by, among other things, failing properly to account for his financial activities in that capacity, causing appellant to suffer financial injury in an as yet-undetermined amount.

On June 20, 2014, respondent filed a general demurrer asserting that this civil action should be dismissed.  (Code Civ. Proc., §§ 430.10, subd. (a), 430.50.)

---

**2**    We intend no disrespect in referring to decedent by his first name.  Our goal is to avoid confusion since Robert and Christine Chui shared a last name, and Chui is defending this action in her capacity as her late husband's personal representative and the representative of his Estate.

She maintained that, pursuant to Probate Code sections 17000, subdivision (a),[3] and 17200, subdivision (b)(12), the "Probate Court 'has exclusive jurisdiction of proceedings concerning the internal affairs of trusts.'" Accordingly, she insisted the trial court lacked subject matter jurisdiction over this action, which "necessarily concerns 'the internal affairs' of a trust and so falls within the exclusive jurisdiction of the Probate Court." (Boldface omitted.)

For unexplained reasons, appellant's opposition was not filed until January 15, 2015.[4] Respondent submitted her reply on January 26, 2015. On February 2, 2015, following oral argument, the court concluded it lacked jurisdiction to determine this matter and sustained the demurrer without leave to amend. This timely appeal followed entry of judgment on February 24, 2015.

## DISCUSSION

Although they couch the issue in slightly different terms, the parties agree that the trial court appropriately refused to consider this action because the allegations of the complaint relate to internal trust affairs. As such, they are

---

[3]     Unless otherwise stated, further statutory references are to the Probate Code.

[4]     In the meantime, on August 28, 2014, the Presiding Judge of the LASC issued an order in which he declined to deem as "related cases" (see Cal. Rules of Court, 3.300(a)) this civil action filed in April 2014, and three earlier proceedings filed in the probate department:  (1)  case No. BP137413, mentioned above, the October 2012 petition filed by appellant, purportedly alleging breaches of her parents' trust by Robert and a co-trustee (not a party here); (2) case No. BP137626, a November 2012 petition filed by Robert, purportedly to establish a conservatorship over his father's person and estate; and (3) case No. BP143884, an August 2013 petition filed by respondent to probate Robert's Estate. We cannot review the allegations of any petition filed in the probate department. None is included in the appellate record, and neither party has requested that we take judicial notice of those pleadings or any document.

4

matters within the subject matter jurisdiction of the LASC probate department. (§§ 17000, subd. (a), 17200, subd. (b)(12).)  They part ways, however, on the question of whether, as respondent contends, the trial court was correct to sustain the demurrer without leave to amend and dismiss the action, or whether, as appellant asserts, it erred by doing so and should instead have transferred the action to the probate department, where a petition alleging Robert's purported mismanagement of internal trust affairs (case No. BP137413) was already pending.

The parties are correct as to the first point.  The Probate Code provides that "[t]he superior court having jurisdiction over the trust . . . has exclusive jurisdiction of proceedings concerning the internal affairs of trusts."  (§ 17000, subd. (a).) Once probate jurisdiction has attached to a decedent's estate, that department has jurisdiction to decide all claims affecting estate administration, even if such controversies would otherwise be outside its jurisdiction if asserted independently. (See § 17000, subd. (b)(3) [court with exclusive jurisdiction over a trust under this section also has concurrent jurisdiction over "[o]ther actions and proceedings involving trustees and third persons"].)  When supervising proceedings governed by the Probate Code, the probate department acts a court of general jurisdiction exercising exclusive jurisdiction over proceedings involving internal trust affairs and concurrent jurisdiction over related claims as otherwise provided by law for a superior court.  (See *Estate of Baglione* (1966) 65 Cal.2d 192, 196-197; *Estate of Kraus* (2010) 184 Cal.App.4th 103, 114.)

Applied here, it is clear that the Probate Code controls this litigation and establishes the permissible remedies and proceedings to which a court must adhere. The trial court correctly found these provisions gave the probate department jurisdiction over a proceeding alleging mismanagement of internal trust affairs, particularly in light of the fact that a petition was currently pending in the probate

5

department alleging a similar claim related to internal trust affairs and mismanagement.

The appropriate course would have been for appellant to proceed against respondent as the trustee's representative in the probate department to obtain an accounting and remedies arising out of any proven fiduciary breach. (§§ 16420, 17000, 17200; see *Estate of Bissinger* (1964) 60 Cal.2d 756, 764–765 [probate court has the power to apply equitable and legal principles in fashioning remedies and granting relief].)

Appellant chose not to file a verified petition in the probate department, which had already asserted jurisdiction over the proceedings involving internal trust affairs, as controlling statutes mandate. (§ 17000.) Instead, she filed this civil action asserting claims regarding internal trust affairs. When the court indicated its intent to sustain the demurrer without leave and dismiss the action because the probate department had exclusive jurisdiction over the dispute, appellant did not request that the court refrain from doing so, nor did she ask that the matter be transferred to the probate department. Respondent argues that appellant's failure to do so constitutes forfeiture of her contention of error on appeal. We disagree. Although it would have been wise for appellant to have done so, and she took significant risks by failing to object, she is not as a matter of law barred from raising this legal question on appeal. Although we would not ordinarily consider an objection that could have been, but was not, raised in the trial court, we remain free to "consider on appeal 'a claim raising a pure question of law on undisputed facts.' [Citation.]" (*In re Stier* (2007) 152 Cal.App.4th 63, 75.) The facts are undisputed here. The demurrer was sustained without leave to amend because the trial court concluded it lacked jurisdiction to entertain this action. The only issue is purely legal: Should the trial court on its own accord have transferred the matter to

6

the probate department after sustaining the demurrer, rather than dismissing the action in its entirety. The forfeiture doctrine also "does not apply where the trial court exceeds its statutory authority." (*People v. Andrade* (2002) 100 Cal.App.4th 351, 354.)

Given the unique nature of appellant's claim and the jurisdictional and procedural requirements of governing law, we conclude that no amendment would cure the civil complaint's fatal defects and the trial court properly concluded it would exceed it jurisdiction by retaining this matter, particularly in the face of respondent's prompt objection. (§§ 17000, 17200, subd. (b)(12); cf. *Harnedy, supra*, 110 Cal.App.4th at p. 1345 [concluding appellant could not wait until after trial on the merits to argue on appeal that decision should be set aside for lack of jurisdiction].) However, the court went too far when it dismissed the action. Public policy favors resolution of actions on the merits, even if an action was filed in a court lacking subject matter jurisdiction. (See *Morgan v. Somervell* (1940) 40 Cal.App.2d 398, 400; cf., *Friends of Mammoth v. Board of Supervisors* (1972) 8 Cal.3d 247, 269, disapproved on another ground by *Kowis v. Howard* (1992) 3 Cal.4th 888, 897.) Based on our review of this spare appellate record, we conclude that the appropriate remedy was not to dismiss the action, but for the trial court on its own motion to transfer matter to the probate department to determine whether an amendment was possible and the propriety of consolidating the allegations levied in the complaint with those in the petition in the pending probate proceedings regarding internal trust affairs. Even an independent civil action affecting the Estate may properly be consolidated for trial in a probate proceeding if the two actions involve "a common question of law or fact." (See Code Civ. Proc., § 1048, subd. (a); *Estate of Baglione, supra*, 65 Cal.2d at p. 196 [probate court has power to determine whole controversy including the civil action].)

7

Accordingly, we reverse the judgment and remand the matter with instructions to transfer the action to the probate department for a determination as to how and whether appellant may proceed.[5]

## DISPOSITION

The judgment is reversed. The matter is remanded with instructions that it be transferred to the probate department. Appellant shall recover costs of appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:


MANELLA, J.


COLLINS, J.

---

[5] We also reject respondent's novel argument that the complaint was properly dismissed because she failed to comply with Code of Civil Procedure section 377.41 by naming the Estate in pending probate petitions. This provision applies when a petition is pending prior to a person's death, providing a procedure to permit the action to proceed against a decedent's representative in his stead. This civil action was not pending at the time of Robert's death in mid-2013. Further, to the extent the statute governs a pending probate action, respondent has not shown how issuance of Letters of Administration, and appellant's submission to the court of the creditor's claim and respondent's rejection thereof fail to satisfy proof of compliance.