IN THE MATTER OF THE APPLICATION OF TO-SHIO ANAMIZU, ET AL., FOR RE-REGISTRA-TION AS ELECTRICAL CONTRACTORS.

TOSHIO ANAMIZU, ET AL., Appellants-Appellees, *v.* THE CITY AND COUNTY OF HONOLULU, Appellee-Appellant.

No. 4968.

FEBRUARY 17, 1971.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE VITOUSEK IN PLACE OF KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY LEVINSON, J.

This case involves the validity of sections 17-6.2(d) (1)(aa) and 17-6.2(d)(1)(cc) of Honolulu, Hawaii, Ordinance 2541, December 24, 1964. The provisions in question set forth the requirements which must be met by electrical contractors who seek permission to practice their profession in the City and County of Honolulu. The appellees are all supervising electricians and each holds a current state electrical contractor's license, issued by the Hawaii Contractors License Board pursuant to HRS § 444-4. During the normal work week they are employed on a full-time basis by government agencies or private employers. The appellees engage in their electrical contracting operations on a part-time basis, doing most of the work on weekends and holidays.

In 1964 the appellant, the City and County of Honolulu, enacted Ordinance No. 2541 which amended Honolulu, Hawaii, Revised Ordinances ch. 17 (1961) (The Electrical Code). Section 17-6.2(d) of the new ordinance contains the requirements for the issuance of an electrical contractor's certificate by the Building Superintendent of the City and County. Section 17-6.2(d) requires in relevant part:

(1) An electrical contractor shall:

(aa) Maintain a place of business in a business or industrial district with a listed telephone and be principally engaged in the business of an electrical con-

tractor during normal business hours from said place of business.

. . . .

(cc) Be a supervising electrician, or employ a supervising electrician, principally engaged in the business of the electrical contractor. . . .

Prior to the enactment of Ordinance No. 2541 each of the appellees held a valid Honolulu electrical contractor's certificate. Upon reapplication, however, they were unable to comply with the above requirements because of the part-time nature of their work. Accordingly, on October 18, 1965, the Honolulu Building Superintendent denied them recertification. The appellees appealed the Superintendent's decision to the Honolulu Board of Electrical Examiners which affirmed his ruling. A subsequent appeal to the Honolulu City Council also failed to secure a reversal of the denial of certification. Consequently, on November 4, 1966 the appellees sought judicial review of their denial of certification in the First Circuit Court.

The circuit court filed its findings of fact, conclusions of law and judgment on November 3, 1969. The trial court concluded that the State of Hawaii, by its enactment of HRS ch. 444, intended to pre-empt the field of regulating the licensing of electrical contractors. The court held, therefore, that the regulatory provisions of Ordinance No. 2541 were invalid and that the appellees, having been properly licensed by the State, need not obtain municipal certification in order to engage in the business of electrical contracting. The City and County of Honolulu appeals from this judgment contending that the trial court erred in its determination of State pre-emption of the regulatory field and that therefore the provisions of section 17-6.2 (d) are a valid exercise of the city's municipal powers. For the reasons set forth below we affirm the decision of the trial court.

Municipal corporations are solely the creation of the State. As such they may exercise only those powers which have been delegated to them by the State legislature. *See Trenton* v. *New Jersey*, 262 U.S. 182, 187 (1922); *McKenzie* v. *Wilson*, 31 Haw. 216, 237 (1930). The Charter of the City and County of Honolulu, SLH 1959, Act 261, as amended, published as an Appendix in Volume 2 of HRS, together with HRS ch. 70 enumerate the powers which the State has granted to the Honolulu government. The legislature has not expressly conferred the power to regulate the licensing of electrical contractors locally. The appellant contends, however, that its power to regulate electricians is implied by the provisions of HRS § 70-70 and HRS § 70-71. The former empowers the Honolulu City Council to enact "all ordinances necessary to protect health, life and property ... of the city and county and its inhabitants." The latter authorizes the City Council to regulate the construction of buildings. The appellees argue that municipal regulation of their professional qualifications is impermissible because exclusive control over electrical contracting is vested in the State by HRS ch. 444. In support of this contention the appellees rely upon the prohibition of HRS § 70-105 which provides:

No ordinance shall be held invalid on the ground that it covers any subject or matter embraced within any statute of the State; provided that the ordinance is not inconsistent with and does not tend to defeat the intent or object of the statute or of any other statute; provided also that the statute does not disclose an express or implied intent that the same shall be exclusive, or uniform throughout the State.

Thus, under HRS § 70-105 the critical determination to be made is whether HRS ch. 444 indicates a legislative intention to be the exclusive legislation applicable to contractors. If it does the regulatory provisions of Ordinance

No. 2541 must yield. In the instant case we find that HRS ch. 444 discloses such an intention; therefore the supplementary municipal regulations are invalid.

Enactment of HRS ch. 444 has established a comprehensive statutory scheme for regulating the contracting business within the State of Hawaii. All persons who wish to engage in the contracting business, including specialty contractors such as the appellees, must first obtain a state license, issued by a state agency, the Contractors License Board.[1] The licensing board is vested with broad powers relative to the licensing and regulating of contractors. It may promulgate regulations[2] and "investigate, classify and qualify applicants for contractors licenses."[3] Furthermore, in addition to licensing only those who prove themselves qualified for engaging in the contracting business, the State has provided detailed procedures for disciplining those who prove incompetent or unworthy of the trust placed in them.[4]

It is apparent from the pervasiveness of the above statutory scheme that the State has taken great care to supervise the qualifications of persons engaged as contractors within the State of Hawaii. We believe a necessary implication of this comprehensive regulatory scheme is that a person satisfying the state standards acquires permission to pursue his occupation throughout the State. This permission may not be circumscribed by local authorities through the enactment of additional qualifying regula-

[1] HRS § 444-9.

[2] HRS § 444-4 states in relevant part that the contractors license board shall:

. . . .

(2) Make, amend, or repeal such rules and regulations as it may deem proper fully to effectuate this chapter and carry out the purpose thereof which purpose is the protection of the general public.

[3] HRS § 444-10.

[4] HRS §§ 444-17, 444-18, 444-23, 444-24.

tions. *See State* v. *Salt Lake City,* 21 Utah 2d 318, 323, 445 P.2d 691, 694 (1968); *7-Eleven, Incorporated* v. *Mc-Clain,* 422 P.2d 455, 458 (Okla. 1967); *Agnew* v. *Culver City,* 51 Cal. 2d 474, 477, 334 P.2d 571, 573 (1959). To hold otherwise would be to allow the intercity flow of contracting services to be impaired, thereby severely diluting the value of a uniform state licensing system.[5]

We do not imply, of course, that municipalities are limited by Chapter 444 in their right to supervise the manner and methods of actual building construction and installations. This authority has been specifically granted to them by HRS § 70-71. Nor do we deal with the subject of license fees authorized by HRS § 445-15. All that we hold today is that the State pre-empted the field of regulating the qualifications of persons engaged in the business of electrical contracting. Therefore sections 17-6.2(d) (1)(aa) and 17-6.2(d)(1)(cc) of Ordinance No. 2541 are invalid.

Judgment affirmed.

*Robert M. Rothwell,* Deputy Corporation Counsel (*Paul Devens,* Corporation Counsel, with him on the brief) for appellee-appellant.

*Robert A. Franklin* for appellants-appellees.

*Gary Shigemura,* Deputy Attorney General (*Bertram T. Kanbara,* Attorney General, and *Jeffrey N. Watanabe,* Deputy Attorney General, on the brief) for State of Hawaii, intervenor.

*James P. Conahan* (*Moore, Torkildson & Schulze* of counsel) for Halfhill Electrical Co., Ltd., amicus curiae.

---

[5] It is doubtful that the legislature intended to allow such impairment in view of its expressed concern that the supply of contractors not be unduly restricted. *See* House Committee Report No. 618, 1957 House Journal 814.