**CITIZENS UTILITIES COMPANY, KAUAI ELECTRIC DIVISION**, Petitioner–Appellee, v. **COUNTY OF KAUAI**, Respondent–Appellant, and **RICHARD G. WEISER, et al.,** Intervenors

NO. 14850

(CIV. NO. 90–0026)

JULY 31, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

County of Kauai (County), respondent–appellant, appeals from the lower court's order granting summary judgment in favor of Citizens [sic] Utilities Company, Kauai Electric Division (Citizens Utilities), petitioner–appellee. The court ruled that the County of Kauai does not have the authority to regulate the height of utility poles. We affirm.

## I.

In 1987, Citizens Utilities proposed to build an overhead 69 kilovolt transmission line from Kapaa to Princeville. Public Utilities Commission (PUC) approval was obtained. Portions of the proposed transmission line are located within the North Shore Planning Area, as designated by the County's North Shore Development Plan (NSDP), as well as within areas zoned "Residential" and "Agriculture" [sic] under the County's Comprehensive Zoning Ordinance (CZO).

The NSDP regulates utility poles in excess of 40 feet in height within the North Shore Planning Area. The CZO also limits the height of utility poles to 50 to 70 feet, depending on the use district where the poles are located. However, under PUC regulations, the poles must meet certain minimum height and spacing requirements. The height for a number of the poles required by the PUC for the proposed line exceeds the heights permitted under the County's NSDP and the CZO. The line in some places would go as high as 86 feet. Adherence to the height limits in the NSDP and CZO would not permit Citizens Utilities to comply with the minimum standards contained in the PUC guidelines.

On January 31, 1990, Citizens Utilities filed this declaratory suit to have the court determine who had the right to regulate the height of utility poles. The court granted Citizens Utilities' Motion for Summary Judgment and held that, because the County's CZO and NSDP do not apply to utility poles, the County is enjoined from interfering with the construction of Citizens Utilities' proposed transmission line. The County now appeals.

## II.

Chapter 46, Hawaii Revised Statutes (HRS), grants to the counties certain general powers. HRS § 46–1.5(19)(B) (Supp. 1990) states in part that:

Each county shall have the power to:

(B) Regulate and control the location and *quality of all appliances necessary to the furnishing of* water, heat, *light, power*, telephonic, and telegraphic service to the county[.]

(Emphasis added). HRS § 46–4 (Supp. 1990) provides that:

The zoning power granted herein shall be exercised by ordinance which may relate to:

. . . .

(6) The location, *height*, bulk, number of stories, and size of buildings and other *structures*.

. . . .

(12) Other such regulations as may be deemed by the boards or city council as necessary and proper to permit and encourage orderly development of land resources within their jurisdictions.

. . . .

The powers granted herein shall be liberally construed in favor of the county exercising them, and in such a manner as to promote the orderly development of each county or city and county in accord with a long range, comprehensive, general plan, and to insure the greatest benefit for the State as a whole.

(Emphasis added). The specific issue is whether the County can regulate the height of utility poles under the term "structures" appearing in § 46–4. The County argues that the power to regulate utility pole heights should be liberally construed in favor of the County's position.

We cannot support the County's position. First of all, we see in the statutes an overall scheme which reserves to the PUC the power to regulate public utilities, thereby serving as a limitation to the powers of the counties. HRS § 46–1.5(13) (Supp. 1990) provides:

> Each county shall have the power to enact ordinances deemed necessary to protect health, life, and property, and preserve the order and security of the county and its inhabitants on any subject or matter *not inconsistent with, or tending to defeat, the intent of any state statute, provided also that the statute does not disclose or express an implied intent that the statute shall be exclusive or uniform throughout the State.*

(Emphasis added). HRS § 269–6 provides:

> The public utilities commission shall have the general supervision hereinafter set forth over all public utilities, and shall perform the duties and exercise the powers imposed or conferred upon it by this chapter.

In addition, pursuant to Chapter 269, the PUC adopted General Order No. 6 (Order) which governs all overhead electric line construction in the State of Hawaii and sets forth the minimum requirements for pole height and spacing of electrical lines. This Order "insure[s] adequate service and . . . secure[s] safety" in the construction, maintenance, operation or use of the lines and to the public in general.

It is clear that the legislature intended to reserve with the PUC the regulatory powers over public utilities, which was a matter of statewide concern to the legislature, and has preempted the power of the counties to regulate the height of utility poles. To allow the County to do so would be inconsistent with the intent of the statutory language expressly authorizing the PUC to supervise and regulate public utilities, which would include the height of utility poles.

As the court held in *In re Application of Anamizu*, 52 Haw. 550, 481 P.2d 116 (1971), a municipal ordinance, which covers the same subject matter embraced within a State statute is invalid if the statute discloses an express or implied intent that the same shall be exclusive, or uniform in application throughout the State.

The general rule concerning functions of statewide interest and concern is that if the counties are not given specific authority to take over the function, the counties cannot thwart the State from performing its duty. *Kunimoto v. Kawakami*, 56 Haw. 582, 545 P.2d 684 (1976).

Affirmed.

*Peter M. Morimoto*, Deputy County Attorney, for respondent–appellant.

*Walton D. Y. Hong* (Law Offices of Walton D. Y. Hong, of counsel; *David K. Rair* with him on the brief; Kiefer, Oshima, Chun, Fong & Chung, of counsel) for petitioner–appellee.