**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SYNGENTA SEEDS, INC., a Delaware corporation; SYNGENTA HAWAII, LLC; PIONEER HI-BRED INTERNATIONAL, INC., an Iowa corporation; AGRIGENETICS, INC., a Delaware corporation; BASF PLANT SCIENCE LP, a Delaware limited partnership,

        Plaintiffs-Appellees,

  v.

COUNTY OF KAUAI,

        Defendant-Appellant,

 and

KA MAKANI HO'OPONO; CENTER FOR FOOD SAFETY; PESTICIDE ACTION NETWORK NORTH AMERICA; SURFRIDER FOUNDATION,

        Intervenor-Defendants.

No. 14-16833

D.C. No. 1:14-cv-00014-BMK

MEMORANDUM*

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

SYNGENTA SEEDS, INC., a Delaware corporation; SYNGENTA HAWAII, LLC; PIONEER HI-BRED INTERNATIONAL, INC., an Iowa corporation; AGRIGENETICS, INC., a Delaware corporation; BASF PLANT SCIENCE LP, a Delaware limited partnership,

Plaintiffs-Appellees,

v.

COUNTY OF KAUAI,

Defendant,

and

KA MAKANI HO'OPONO; CENTER FOR FOOD SAFETY; PESTICIDE ACTION NETWORK NORTH AMERICA; SURFRIDER FOUNDATION,

Intervenor-Defendants-Appellants.

No.    14-16848

D.C. No. 1:14-cv-00014-BMK

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Argued and Submitted June 15, 2016
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and MURGUIA, Circuit Judges.

In this action, Plaintiffs-Appellees challenge Kauai County Ordinance 960, which regulates pesticides and genetically engineered (GE) plants.  The district court granted summary judgment in Plaintiffs' favor, finding that Ordinance 960 is impliedly preempted by Hawaii laws addressing pesticides and potentially harmful plants.  Defendant the County of Kauai (County) and Intervenors Ka Makani Ho'opono, Center for Food Safety, Pesticide Action Network North America, and Surfrider Foundation (collectively, Defendants) appealed.

Our concurrently filed opinion in *Syngenta v. County of Kauai*, Nos. 14-16833, 14-16848, addresses and decides all issues on appeal except for one: whether Ordinance 960's genetically modified organism (GMO)[1] reporting provision is impliedly preempted by state law.  The district court held that it was. We affirm.

## I.

The purpose of Ordinance 960 "is to establish provisions to inform the public, and protect the public from any direct, indirect, or cumulative negative impacts on the health and natural environment of the people and place of the

---

[1]     The terms "GE plant," "GE crop," and "GMO" are used interchangeably.

County . . . by governing the use of pesticides and genetically modified organisms." Kauai County Code (KCC) § 22-23.2. The Ordinance's GMO notification provision requires commercial agricultural entities (CAEs) "that intentionally or knowingly possess any genetically modified organism" to submit and post online annual reports to the County Office of Economic Development (OED) disclosing the growing of GMOs. KCC § 22-23.4(b). The reports must "include a general description of each genetically modified organism . . . , a general description of the geographic location . . . and dates that each genetically modified organism was first introduced to the land in question." KCC § 22-23.4(b)(2).

**A.** **Ordinance 960's reporting requirement is impliedly preempted by state law.**

As set forth more fully in our concurrently issued opinion in *Atay v. County of Maui*, Nos. 15-16466, 15-16552, Hawaii courts apply a "'comprehensive statutory scheme' test" to decide field-preemption claims under HRS § 46-1.5(13), such as that made by Appellees here. Under this test, a local law is preempted if "it covers the same subject matter embraced within a comprehensive state statutory scheme disclosing an express or implied intent to be exclusive and uniform throughout the state." *Richardson v. City & Cty. of Honolulu*, 868 P.2d 1193, 1209

4

(Haw. 1994). Courts frequently treat this test as involving several overlapping elements, including showings that (1) the state and local laws address the same subject matter; (2) the state law comprehensively regulates that subject matter; and (3) the legislature intended the state law to be uniform and exclusive. Ultimately, however, the "critical determination to be made" is "whether the statutory scheme at issue indicate[s] a legislative intention to be the exclusive legislation applicable to the relevant subject matter." *Pac. Int'l Servs. Corp. v. Hurip*, 873 P.2d 88, 94 (Haw. 1994) (internal quotation marks omitted).

The Hawaii legislature has set forth a comprehensive, uniform, and exclusive statutory scheme to address the threat posed by potentially harmful plants—including GE crops—and has delegated authority to the Hawaii Department of Agriculture (DOA) to enact rules to that end. *See, e.g.*, HRS §§ 141-2, 141-3, 150-22, 150A-6.1(b), (c), (d), 152-3, 194-2(a), 194-3, 150-27(a)(2); HAR §§ 4-72-6, 4-72-9–4-72-12.

First, as more fully laid out in *Atay*, the scheme comprehensively regulates potentially harmful plants by governing their importation, sale, transportation, control, and eradication. The scheme also addresses research and propagation of potentially harmful plants, HRS § 150A-6.1(d), and areas within the State where restricted plants may not be introduced, *id.* § 152-3. While the DOA has not

5

promulgated rules specifically regulating concerns associated with GE crops, such as genetic contamination of conventional crops and wild plant species, the State has laws to combat any such crops should they prove "detrimental or potentially harmful to agriculture, horticulture, the environment, . . . or public health." *Id.* § 150A-6.1(b).

Second, we find that the statutory scheme for potentially harmful plants discloses a clear inference that the legislature intended for the State's regulation of potentially harmful plants to be exclusive of local supplementation.

We find preemptive intent "apparent from the pervasiveness of the . . . statutory scheme." *In re Application of Anamizu*, 481 P.2d 116, 119 (Haw. 1971). The legislature's broad conferral to the DOA of power to regulate plant pests and invasive species also supports an inference of preemptive intent. Similarly, in *Citizens Utilities Co. v. County of Kauai*, the Hawaii Supreme Court found a county law regulating the height of utility poles was preempted by state law that "expressly authoriz[ed a state agency] to supervise and regulate public utilities," even though the statute did not address the specific subject of pole heights. 814 P.2d 398, 400 (Haw. 1991). As explained in *Atay*, several specific provisions in the State's statutory scheme further evidence an intent for the State's regulatory

oversight of potentially harmful plants to be uniform and exclusive. *See* HRS §§ 141-3, 194-3, 150A-6.1.

The remaining implied preemption element is whether Ordinance 960's GMO reporting requirement addresses the same subject matter as the State's comprehensive and exclusive statutory scheme. It is true that the statutory scheme does not specifically address GE crops, which is the focus of Ordinance 960's reporting requirement. However, as we explain in *Atay*, the fact that neither a state statute nor DOA rule mentions GE crops specifically does not foreclose a finding of implied preemption. The same authority supporting DOA's restrictions on several non-GE commercial crops, *see* HAR §§ 4-72-6, 4-72-9–4-72-12, also gives DOA authority to regulate GE crops as potentially harmful plants due to risks such as genetic contamination of non-GE crops.

Ordinance 960's GMO reporting requirement also targets potentially harmful plants. The requirement is in furtherance of the County's goal to "protect the public from any direct, indirect, or cumulative negative impacts on the health and natural environment of the people and place of the County . . . by governing the use of . . . genetically modified organisms." KCC § 22-23.2. In other words, Ordinance 960 provides for local oversight of plants the County deems harmful—the same oversight committed by the State legislature to DOA.

Accordingly, the State's statutory scheme and Ordinance 960 address the same subject matter.

Having determined that the legislature intended to create an exclusive, uniform, and comprehensive state statutory scheme for potentially harmful plants, we hold that Ordinance 960's GMO reporting requirement impermissibly intrudes into an area of exclusive State regulation and is beyond the County's authority under HRS § 46-1.5(13) and preempted.

## II.

The district court's summary judgment in favor of Appellees is **AFFIRMED**.