**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HAWAI'I PAPAYA INDUSTRY ASSOCIATION; BIG ISLAND BANANA GROWERS ASSOCIATION; HAWAI'I CATTLEMEN'S COUNCIL, INC.; PACIFIC FLORAL EXCHANGE, INC.; BIOTECHNOLOGY INNOVATION ORGANIZATION;* RICHARD HA; JASON MONIZ; GORDON INOUYE; ERIC TANOUYE; HAWAI'I FLORICULTURE AND NURSERY ASSOCIATION, | No.   14-17538  D.C. No. 1:14-cv-00267-BMK  MEMORANDUM** |
| Plaintiffs-Appellees, | |
| v. | |
| COUNTY OF HAWAII, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Argued and Submitted June 15, 2016
Honolulu, Hawaii

---

*       Appellee's unopposed motion to amend the caption is granted.

**       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS, Chief Judge, and CALLAHAN and MURGUIA, Circuit Judges.

In this action, Plaintiffs-Appellees (collectively, the GE Parties) challenge Hawaii County Ordinance 13-121, which regulates genetically engineered (GE) plants. The district court granted summary judgment in Plaintiffs' favor, holding that Ordinance 13-121 is impliedly preempted under state law and expressly preempted, in part, by federal law. Defendant-Appellant County of Hawaii appealed. We affirm.[1]

## I.

Our concurrently filed opinion in *Atay v. County of Maui*, Nos. 15-16466, 15-16552, sets forth in greater detail the legal basis that controls this decision. *Atay* involves substantially similar facts in relevant part.

The County of Hawaii's (County) Ordinance bans "open air testing of genetically engineered organisms of any kind" and "open air cultivation, propagation, development, or testing of genetically engineered crops or plants." Haw. Cty. Code (HCC) §§ 14-130, 14-131. The purposes of the Ordinance are to

---

[1] We also reject Appellant's argument that we should certify the state law issues presented to the Hawaii Supreme Court. As explained in our concurrently filed opinion in *Syngenta Seeds, Inc. v. County of Kauai*, Nos. 14-16833, 14-16848, certification is not merited because the implied state preemption analysis under Hawaii law is well-defined.

prevent cross-pollination from GE plants to non-GE plants and to preserve Hawaii Island's vulnerable ecosystem "while promoting the cultural heritage of indigenous agricultural practices." HCC § 14-128.

The GE Parties challenge the Ordinance on two grounds: (1) the Ordinance is expressly preempted by the Plant Protection Act (PPA), 7 U.S.C. § 7756(b), in its application to plants that the U.S. Animal and Plant Health Inspection Service (APHIS) regulates as plant pests[2]; and (2) the Ordinance is fully preempted under state law. For the reasons more fully set forth in *Atay*, we agree.

## A. The Ordinance is expressly preempted by federal law.

Under the PPA, "no State or political subdivision of a State may regulate the movement in interstate commerce of any . . . plant, . . . plant pest, noxious weed, or plant product in order to control . . . , eradicate . . ., or prevent the introduction or dissemination of a . . . plant pest, or noxious weed, if the Secretary has issued a regulation or order to prevent the dissemination of the . . . plant pest, or noxious

---

[2] The district court rejected Appellees' argument that the Ordinance is preempted on federal implied preemption grounds. Appellees have waived that argument by not raising it as an alternative ground for affirmance in their answering brief on appeal. We therefore decline to reach the issue. *See United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc).

weed within the United States." 7 U.S.C. § 7756(b)(1). The Ordinance is therefore expressly preempted if three conditions are met: (1) the local law must regulate "movement in interstate commerce," (2) it must be intended to "control . . . , eradicate . . . , or prevent the introduction or dissemination of a . . . plant pest, or noxious weed," and (3) APHIS must regulate the plant at issue as a plant pest or noxious weed. *See Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992) (Congress' intent to preempt state and local law may be "explicitly stated in the statute's language or implicitly contained in its structure and purpose") (internal quotation marks omitted). Each condition is met here.

For the same reasons set forth in *Atay*, the County of Hawaii's Ordinance satisfies all three conditions for express preemption. First, the Ordinance regulates "movement in interstate commerce" because it regulates the dissemination of plants and seeds from fields, which implicates interstate commerce. *See* 7 U.S.C. § 7711(a). Second, the Ordinance was passed in order to "control . . . , eradicate . . . , or prevent the introduction or dissemination of a . . . plant pest, or noxious weed." *Id*. § 7756(b)(1). An express purpose of the Ordinance is to prevent the spread of GE plants, and it implements this charge by banning most planting and testing of GE plants. HCC §§ 14-128, 14-130, 14-131. Third, APHIS has issued regulations

4

in order to prevent the dissemination of the class of plant pests at issue, GE crops. *See* 7 C.F.R. Part 340.

We conclude that the Ordinance is expressly preempted by the PPA to the extent that it seeks to ban GE plants that APHIS regulates as plant pests.

**B.      The Ordinance is impliedly preempted by state law.**

We have held that federal law preempts the Ordinance in its application to GE plants that APHIS regulates as plant pests, but not in its application to federally deregulated, commercialized GE plants.  However, we find that Hawaii state law impliedly preempts the Ordinance in its remaining application to commercialized GE plants.[3]

As explained in *Atay* and *Syngenta Seeds, Inc. v. County of Kauai*, Nos. 14-16833, 14-16848, Hawaii courts apply a "'comprehensive statutory scheme' test" to decide field-preemption claims under HRS § 46-1.5(13), such as that made by the GE Parties here.  Under this test, a local law is preempted if "it covers the same subject matter embraced within a comprehensive state statutory scheme disclosing an express or implied intent to be exclusive and uniform throughout the

---

[3]      We agree with the district court in *Syngenta Seeds, Inc. v. County of Kauai*, that the scope of federal preemption delineates the breadth of state field preemption in this case.  No. Civ. 14-00014 BMK, 2014 WL 4216022, at *9 n.11 (D. Haw. Aug. 25, 2014).

5

state." *Richardson v. City & Cty. of Honolulu*, 868 P.2d 1193, 1209 (Haw. 1994). Courts frequently treat this test as involving several overlapping elements, including showings that (1) the state and local laws address the same subject matter; (2) the state law comprehensively regulates that subject matter; and (3) the legislature intended the state law to be uniform and exclusive. However, as is true of our federal preemption analysis, the "critical determination to be made" is "whether the statutory scheme at issue indicate[s] a legislative intention to be the exclusive legislation applicable to the relevant subject matter." *Pac. Int'l Servs. Corp. v. Hurip*, 873 P.2d 88, 94 (Haw. 1994) (internal quotation marks omitted).

As explained in *Atay*, Hawaii has established a comprehensive, uniform, and exclusive statutory scheme to address the threat posed by introduced, potentially harmful plants, and has delegated authority to the Hawaii Department of Agriculture (DOA) to enact rules to that end. By banning commercialized GE plants, the Ordinance impermissibly intrudes into this area of exclusive State

regulation and thus is beyond the County's authority under HRS § 46-1.5(13) and preempted.[4]  *See Atay*, Nos. 15-16466, 15-16552.

## II.

We hold that the County's Ordinance banning the cultivation and testing of GE plants is preempted by the Plant Protection Act's express preemption clause in its application to GE plants regulated by APHIS as plant pests.  We further hold that the Ordinance is impliedly preempted by Hawaii law in its application to federally deregulated, commercialized GE plants.

The district court's summary judgment in favor of the GE Parties is **AFFIRMED**.

---

[4]    For the reasons set forth in our concurrently filed opinion in *Syngenta*, we also reject Appellant's argument that the Hawaii Constitution's conservation clause, Article XI, § 1, alters the preemption analysis where local laws aimed at conserving and protecting the environment are at issue.  Counties lack inherent authority under the Hawaii Constitution. *Haw. Gov't Employees' Ass'n v. Maui*, 576 P.2d 1029, 1038 (Haw. 1978); *In re Application of Anamizu*, 481 P.2d 116, 118 (Haw. 1971).  Accordingly, counties have no power to conserve the public trust unless the State has delegated to them the authority to do so.  Because Hawaii law under HRS § 46-1.5(13) does not permit counties to enact ordinances that conflict with state law or intrude upon areas expressly or impliedly reserved for state regulation, the determinative question is whether the Ordinance is impliedly preempted by state law.

7