[Civ. No. 12003.  Second Appellate District, Division One.—August 15, 1940.]

JOHN W. MORGAN et al., Respondents, v. BERTHA K. SOMERVELL, Appellant.

Walter Gould Lincoln for Appellant.

No appearance for Respondents.

WHITE, J.—In October, 1926, appellant executed and delivered her promissory note in the sum of $4,150, the principal being payable in monthly instalments of $50 each commencing December 1, 1926, with interest on the unpaid principal at the rate of 7 per cent per annum, payable quarterly.  In April, 1928, plaintiffs acquired ownership of this note, the payment of which was originally secured by a deed of trust, but the last-named instrument became valueless by reason of the foreclosure of and sale under a prior mortgage on the same property covered by the aforesaid deed of trust.  On November 2, 1933, an action was commenced in the Supe-

rior Court of Los Angeles County to recover the unpaid balance due on the note, amounting to $1780.68, which amount, with unpaid interest, totaled less than $2,000. On December 18, 1934, the superior court rendered judgment for plaintiffs in the sum of $1780.68 with accrued interest. Upon appeal such judgment was reversed by Division Two of this court on March 5, 1937, for the reason that the superior court was without jurisdiction to enter the judgment from which the appeal was taken. (*Morgan* v. *Somervell,* 19 Cal. App. (2d) 434 [65 Pac. (2d) 820].)

Upon the going down of the *remittitur* plaintiffs made a motion in the superior court to transfer the cause to the Municipal Court of the City of Los Angeles, and at the same time appellant herein, as one of the defendants in the action, moved the court to dismiss the same. By its order made August 12, 1937, the superior court denied appellant's motion to dismiss and granted plaintiffs' motion to transfer the cause to the municipal court. From the last-mentioned order of transfer this appeal is prosecuted. No brief has been filed on behalf of respondents.

The order of transfer to the municipal court was made pursuant to the terms of section 396 of the Code of Civil Procedure, which section was amended in 1935 to include the following provision: ''An action or proceeding which is transferred under the provisions of this section shall be deemed to have been commenced at the time the complaint or petition was filed in the court from which it was originally transferred.''

Appellant contends that because this lawsuit was filed in the superior court November 2, 1933, nearly two years prior to the adoption of the foregoing code provision, the terms of such provision cannot be invoked in the instant case, for the reason that if it is given a retroactive effect the rights of appellant to assert the statute of limitations as a defense would be nullified. The record indicates that while the statute had not run when the action was originally filed in the superior court, it had nevertheless become operative as to every instalment of principal or interest except two, in the sum total of $100, when pursuant to the order of the superior court the file was lodged in the municipal court on September 23, 1937. It is argued by appellant that she having obtained a vested right in the statute of limitations, it was beyond the

power of the legislature, by the aforesaid amendment to section 396 of the Code of Civil Procedure, to divest her of such vested right. Appellant's contention in this regard is without merit. It is an established and fixed rule of law that no one has a vested right in the statute of limitations until it has run in his favor, and such is not the case here. The 1935 amendment to section 396 of the Code of Civil Procedure, with which we are here concerned, relates merely to procedure. It is in furtherance of a policy frequently exemplified in legislative acts to enable a party who, like the plaintiffs in the present proceeding, has seasonably filed a cause of action, to try it upon its merits, notwithstanding defects in the form or substance of pleadings, error in the remedy sought, or *mistake in the tribunal invoked.* Therefore, where as here, the plaintiffs did not sleep upon their rights, but simply mistook the jurisdiction of the tribunal to which they applied for relief, no constitutional right of the defendant was impaired by a legislative enactment which permitted the court in which the action was erroneously brought to transfer it to a court having power to adjudicate upon it. When the action was commenced within the statutory period no vested right of defendants was violated by a procedural legislative enactment such as the one with which we are here concerned.

For the foregoing reasons, the order appealed from is affirmed.

Doran, Acting P. J., concurred.