[Civ. No. 3228. Fourth Dist. Oct. 25, 1943.]

R. L. SINNOCK, Respondent, v. L. M. YOUNG, Appellant.

Sylvan Y. Allen for Appellant.

Best, Best & Gabbert for Respondent.

MARKS, J.—This is an action to foreclose a materialman's lien upon a motor court in Blythe, Riverside County.

Defendant was the owner of the property and entered into an unrecorded written contract with Verne P. Deering for the erection of two buildings upon it. Plaintiff was the materialman who furnished the materials which were used in the improvement. He filed a lien on the property to secure payment of an unpaid balance of $1,222.29 and brought this suit to foreclose the lien and secure a personal judgment against the contractor and the owner for the amount unpaid. The action against Deering was dismissed without prejudice and judgment was entered against Young as prayed for.

At the commencement of the trial counsel entered into a written stipulation as to certain facts. During the trial evidence was introduced, without objection, which contradicted certain parts of the stipulation and conclusively showed that certain facts set forth in it were incorrect and untrue. Counsel for plaintiff asked to be relieved from those portions of the stipulation which were contradicted by the evidence introduced. Over the objection of defendant the trial court granted this request at the close of the trial.

It is now urged that this was prejudicial error that requires a reversal of the judgment. We cannot agree with this argument. Certainly a court of justice should be permitted to relieve a party from a stipulation which incorrectly sets forth material facts some of which are contradicted by undisputed evidence. (See, 23 Cal.Jur. p. 829, sec. 14, and cases

132

cited; 10-year Supp. p. 423, sec. 14, and cases cited.) Had the trial court refused the request then a serious question of abuse of discretion would have been presented.

The trial court found that defendant had promised to pay plaintiff for the materials furnished and held him to his contract. Defendant urges that this finding is contrary to the evidence.

Plaintiff testified that prior to the time he furnished any materials he talked to Young; that he told Young he did not know Deering; that if he could charge the materials to Young he would furnish them; that Young consented to have the materials charged to him. Young denied this conversation. This presents the familiar question of a conflict in the evidence which is addressed to and settled by the trier of fact. This conflict having been solved in favor of plaintiff by the trial judge the question cannot be reopened here as an appellate court cannot pass on the credibility of the witnesses and the weight to be given their testimony merely because there is a conflict in the evidence, where, as here, there is substantial evidence supporting the challenged finding.

Young suggests that the dismissal of the action against Deering released him from liability. There is no merit in this contention. Under the evidence which the trial judge found to be true, Young was primarily liable.

Defendant has attempted to appeal from the order denying his motion for new trial. Such an order is not appealable (sec. 963, Code Civ. Proc.) and the appeal therefrom is dismissed.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.