[Civ. No. 10798. Third Dist. June 15, 1964.]

STATES SHINGLE COMPANY, Plaintiff and Respondent, v. MAX KAUFMAN et al., Defendants and Appellants.

Max M. Hoseit for Defendants and Appellants.

Eugene K. Lawlor for Plaintiff and Respondent.

FRIEDMAN, J.—Sole question on appeal is whether this materialman's lien foreclosure action is barred by failure to commence it in "a proper court" within the 90-day period fixed by Code of Civil Procedure section 1198.1.[1]

Plaintiff supplied building materials worth $2,269.23 to Friedli, a general contractor, for use in constructing a build-

---

[1] Section 1198.1, so far as pertinent, provides as follows: "(a) No lien provided for in this chapter binds any property for a longer period than 90 days after the same has been filed except as hereinafter provided, unless within that time, proceedings to enforce the same be commenced in a proper court. . . .

"(b) As against any purchaser or encumbrancer for value and in good faith whose rights are acquired subsequent to the expiration of the 90-day period following the filing of such lien, no giving of credit or extension of the lien or time to enforce the same shall be effective unless

ing on defendants' property in El Dorado County. The materials were used in construction of the building but plaintiff was never paid. On February 19, 1960, plaintiff filed a claim of lien in the office of the El Dorado County Recorder. Exactly 90 days later, on May 19, 1960, plaintiff filed this action.

Article VI, section 5, of the California Constitution directs that actions for recovering possession, quieting title, or enforcing liens upon real estate shall be commenced in the county where the land is located. Code of Civil Procedure section 392 provides that such actions shall be tried in that county, subject to the courts' power to transfer actions. Municipal courts have original jurisdiction over construction lien foreclosure actions within the limits of their monetary jurisdiction, but justice courts do not. (Code of Civ. Proc., §§ 89, subd. (f), 112.) There is no municipal court in El Dorado County where defendants' land is situated. Hence the present suit should have been filed in the El Dorado Superior Court. For some undisclosed reason, plaintiff filed this action in Alameda rather than El Dorado County, thus creating the question on appeal—whether the suit was commenced in "a proper court" within the 90-day period. Additionally, although there are municipal courts in Alameda County which had monetary jurisdiction, plaintiff saw fit to file this action in the superior rather than municipal court.

A *lis pendens* was recorded in El Dorado County on May 23, 1960. Eleven months later, in April 1961, the action was transferred to the El Dorado Superior Court. Defendants filed an answer, raising the special defense that the action had not been timely filed. Judgment of foreclosure was entered. Defendants appeal.

Plaintiff seeks to sustain the trial court judgment on the theory that the lawsuit was brought back on target by its transfer to El Dorado County and by the provision of section 396, Code of Civil Procedure, declaring that when an action is transferred from a court which lacks subject matter jurisdiction to a proper court, the action is "deemed" to have been commenced on its filing date in the court from which it was transferred.[2]

evidenced by a notice or agreement filed for record in the office of the county recorder prior to the acquisition of the rights of such purchaser or encumbrancer.''

[2]Code of Civil Procedure section 396 provides in part: ''If an action or proceeding is commenced in a court which lacks jurisdiction of the

An argument in support of the trial court judgment would run approximately like this: Section 396 was enacted in 1933 and the ''relation back'' clause added in 1935 in order to deny technical advantage to a defendant where the plaintiff had mistakenly filed his suit in a court which lacked jurisdiction of the subject matter. (Cal. Stats. 1933, ch. 744; Cal. Stats. 1935, ch. 722; Code Com'r. Note accompanying the 1933 legislation as quoted in *Thomasian* v. *Superior Court,* 122 Cal.App.2d 322, 339, fn.[265 P.2d 165].) When a real estate action is commenced in a county where the land is not situated, the court has a mandatory duty to transfer it to the ''proper'' county. (*San Jose Ice & Cold Storage Co.* v. *City of San Jose,* 19 Cal.App.2d 62 [64 P.2d 1099, 65 P.2d 1324].) Although no California decision has yet sustained the constitutionality of section 396 as applied to real estate suits commenced in a county other than that specified by article VI, section 5, of the Constitution, no constitutional right is impaired by the transfer. (*Herb* v. *Pitcairn,* 392 Ill. 138 [64 N.E. 2d 519]; *Browne* v. *Browne,* 215 Mass. 76 [102 N.E. 329]; Code Com'r. Note, *supra*; 1 Witkin, Cal. Procedure, Actions, § 192, pp. 707-708.) Thus, a motion based on section 396 can effect the transfer of an action although it may be a ''constitutional local action'' commenced in the wrong county. (*Apartments, Inc.* v. *Trott,* 172 Cal.App.2d 7, 13 [342 P.2d 32].) The concept of ''a proper court'' appearing in section 1198.1 should be expanded by the liberalizing provisions of section 396. A valid transfer under that section defeats the statute of limitations, so long as the period of limitation had not run when the suit was filed in the court

---

subject matter thereof, as determined by the complaint or petition, if there is a court of this State which has such jurisdiction, the action or proceeding shall not be dismissed (except as provided in section 581b, and as provided in subdivision 1 of section 581 of this code) but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof, and it shall thereupon be entered and prosecuted in the court to which it is transferred as if it had been commenced therein, all prior proceedings being saved. . . .

'' . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

''An action or proceeding which is transferred under the provisions of this section shall be deemed to have been commenced at the time the complaint or petition was filed in the court from which it was originally transferred.

'' . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ''

from which the action was transferred. (*Morgan* v. *Somervell*, 40 Cal.App.2d 398 [104 P.2d 866].)

Defendants' brief on appeal ignores rather than discusses section 396. Defendants' response to the section 396 argument has consisted solely of a reference to *Apartments, Inc.* v. *Trott, supra*, a case which furnishes more comfort to defendants' opponent. A condensed argument for reversal might be as follows: The Legislature may not designate the county for commencement and trial of actions when that subject is covered by the Constitution. (*Miller & Lux* v. *Kern County Land Co.*, 134 Cal. 586, 589 [66 P. 856]; *Liera* v. *Los Angeles Finance Co.*, 99 Cal.App.2d 254, 257 [221 P.2d 737].) When a plaintiff commences a "constitutional local action" in the wrong county, the court lacks jurisdiction, may not transfer the action to the proper county and may only dismiss the suit. (*Brock* v. *Superior Court*, 29 Cal.2d 629, 633-635 [177 P.2d 273, 170 A.L.R. 521]; *Vaughan* v. *Roberts*, 45 Cal.App.2d 246, 252 [113 P.2d 884]; 1 Witkin, Cal. Procedure, Actions, § 190, p. 706; 51 Cal.Jur.2d, Venue, § 3, p. 7.) Thus section 396 cannot constitutionally apply to the present action, and its purported transfer to El Dorado County was a nullity. The action was not commenced in a proper court in the proper county within the 90-day period fixed by section 1198.1, hence the lien is unenforceable. So, in essence, would run an argument for reversal.

The legal issue so drawn is not decisive. Real crux of the matter is the meaning and effect of the phrase "a proper court," not in the context of general concepts of territorial jurisdiction and venue, but for the precise purpose of the particular statute in which it appears. The choice of a period of limitation for the enforcement of mechanics' liens is purely legislative. (See *Scheas* v. *Robertson*, 38 Cal.2d 119, 125-126 [238 P.2d 982]; *Ocean Shore R.R. Co.* v. *City of Santa Cruz*, 198 Cal.App.2d 267, 273 [17 Cal.Rptr. 892].) Ever since 1872, section 1198.1 and its predecessor, former section 1190, have required that construction lien foreclosure actions be commenced in "a proper court" within 90 days after lien filing. This phrase is to receive a meaning consistent with the objective of the particular statute in which it is found. (*Farnsworth* v. *Nevada-Cal Management*, 188 Cal. App.2d 382, 387 [10 Cal.Rptr. 531].)

Some California authorities state that the 90-day requirement is nothing more than a statute of limitations which may be waived. (*Richards* v. *Hillside Development Co.*, 177 Cal.

App.2d 776, 779-780 [2 Cal.Rptr. 693]; *Mox, Inc.* v. *Leventhal,* 89 Cal.App. 253, 255 [264 P. 562].) Such authorities might support the thesis that expiration of the period of limitations affects only the remedy, not the lien itself. (*Hughes Bros.* v. *Hoover,* 3 Cal.App. 145, 149-150 [84 P. 681]; see 57 C.J.S., Mechanics' Liens, § 282, p. 890.) Other authorities hold that the lien itself is lost by expiration of the time for commencement of an action. (*Howard* v. *Societa di Unione e Beneficenza Italiana,* 62 Cal.App.2d 842, 850 [145 P.2d 694]; 32 Cal.Jur.2d, Mechanics' Lien, § 110, p. 739.) The precise language of the statute is that the lien does not *bind* the property beyond 90 days unless the action is commenced within that time. In the light of that language, the apparent statutory objective is to ''unbind'' the property at the end of 90 days, permitting owners, buyers, encumbrancers and title insurance companies to deal freely with the property in reliance upon expiration of the limitation period. Even though a lien claim may have been filed, the foreclosure suit may never be forthcoming, not because the supplier or subcontractor slept upon his rights, but because he was paid off after filing the claim. ■ Persons dealing with the property are entitled to rely upon the record. They should not face the burden of examining court filings in superior and municipal courts in 57 California counties other than that in which the construction work has occurred. ■ The lien statutes have not consistently demanded a *lis pendens* and its recordation is now optional. (Code Civ. Proc., § 1198.2; Cal. Stats. 1959, ch. 1176; 32 Cal.Jur.2d, Mechanics' Liens, § 122, pp. 750-751.) The search of the interested parties should be confined to one county only, that is, the county in which lies the property which is the subject of the lien claim. ■ In the light of this statutory objective, the phrase ''a proper court'' can refer only to a court in which article VI, section 5, of the Constitution directs that the action shall be commenced, that is, a court of the county in which the land is located. Commencement in or transfer to such a court after expiration of the 90-day period comes too late.

Good faith purchasers or encumbrancers may be in a better position to make this argument than landowners, such as the present defendants. We note a statement in *Richards* v. *Hillside Development Co., supra,* 177 Cal.App.2d at page 781, that noncompliance with the literal provisions of subdivision (a) of section 1198.1 bars the lienholder from foreclosing

only against the good faith purchasers and encumbrancers described in subdivision (b). There, however, the court was not discussing noncompliance of the kind we have here, but merely a late recordation of a credit extension agreement. ■ Once the 90-day suit filing period has expired, the landowner, as well as the purchaser and encumbrancer, may rely upon the record in the county where the land is located. The meaning of the statute does not vary with the identity of the defendant.

■ We conclude that the present foreclosure action was not commenced in or transferred to a proper court within 90 days after filing of the lien claim, hence foreclosure is barred by the 90-day period of limitations.

■ Failure to recover upon the lien does not preclude a personal judgment against any person liable. (Code Civ. Proc., § 1200.) The complaint names Friedli, the general contractor, as a party defendant. ■ Under limited circumstances a property owner may incur personal liability to one who has supplied material to the contractor. (See *Sinnock* v. *Young*, 61 Cal.App.2d 130 [142 P.2d 85].) ■ The foreclosure suit when commenced in Alameda County was potentially a personal action for a money judgment. (*Richards* v. *Hillside Development Co.*, *supra*, 177 Cal.App.2d at pp. 783-784.) As to the latter kind of action, the transfer to El Dorado County was entirely valid. Upon remand, plaintiff should be permitted a reasonable time within which to amend its complaint, if so advised, for the purpose of seeking any money judgment to which plaintiff may deem itself entitled.

Judgment reversed.

Pierce, P. J., and Schottky, J., concurred.