55 Cal.Rptr. 767]

**Appellate Department, Superior Court, Los Angeles**

[Civ. No. 11340.    June 29, 1966.]

DIVISION OF LABOR LAW ENFORCEMENT, Plaintiff and Appellant, v. EGNEW INVESTMENT, INC., Defendant and Respondent.

864

Marilyn Shinderman, Gerald Friedman, Gerry L. Fellman and Arthur Stahl for Plaintiff and Appellant.

Gerald M. Persion for Defendant and Respondent.

HUFSTEDLER, J.— ██ Plaintiff, assignee of one Davis, filed this action on October 23, 1964, to foreclose a mechanic's lien, in the Los Angeles Judicial District of the Municipal Court. On July 28, 1965, defendant demurred generally and moved to change venue to Santa Anita Judicial District wherein the liened real property was located. Upon consent of the parties, the motion was granted, the cause ordered transferred to Santa Anita Judicial District, and the demurrer was placed off calendar. The latter court received the file on August 10, 1965. Defendant answered, generally and specifically denying the averments of the complaint. At the time of trial, defendant successfully moved to exclude all evidence and moved to dismiss on the ground that the court lacked jurisdiction, because the action had not been filed in the "proper court" within 90 days as specified in Code of Civil Procedure, section 1198.1. That section provides in pertinent part: "(a) No lien provided for in this chapter binds any property for a longer period than 90 days after the same has been filed . . . unless within that time, proceedings to enforce the same be commenced in a proper court."

This action was commenced in the county, but not in the

judicial district within the county, where the land lies. If the statute requires an action to be filed in both the right county and the right judicial district to constitute commencement "in a proper court," plaintiff must fail, because plaintiff did not file the action in Santa Anita Judicial District within the 90-day period. But if the statute requires only that the action be commenced in the right county in a court otherwise having jurisdiction, subject to transfer to the correct judicial district, the trial court erred in dismissing the case.

We have concluded that this action was timely commenced in a proper court within the meaning of section 1198.1.

In *States Shingle Co.* v. *Kaufman* (1964) 227 Cal.App.2d 830 [39 Cal.Rptr. 196], the court held that an action to foreclose a mechanic's lien filed in the wrong *county* could not be deemed commenced in a proper court within the meaning of section 1198.1, by applying the relation back provisions of Code of Civil Procedure section 396 following transfer to the correct county after expiration of the 90-day period. Section 396 declares that upon transfer from a court without jurisdiction of the subject matter to a court having jurisdiction, the action shall be deemed commenced on its filing date in the court from which the action was transferred. Section 396 did not help the plaintiff in *States Shingle,* because venue in the county where the land lies is jurisdictionally laid by California Constitution, article VI, section 5, to which superior authority the Legislature must bow.

■ Where the action is brought in the right county, but the wrong judicial district, no constitutional impediment exists to applying section 396 to relate back commencement of the action in Santa Anita Judicial District to the initial filing date in Los Angeles Judicial District, and we so apply it to render the action timely filed.

■ There is merit to the argument that persons dealing with the property should not be obliged to search the records in each judicial district within the county to find out if a foreclosure suit is pending. But if the search area is to be shrunk to a single judicial district, the operation must be performed by the Legislature and not by the courts in reading out of section 1198.1 the beneficial provisions of section 396.

The judgment is reversed; attempted appeal from nonappealable order dismissing action is dismissed; appellant to recover its costs on appeal.

Breitenbach, Acting P. J., and Patton, J., concurred.