Opinion
SOVEN, J.
Plaintiff filed an action to foreclose a $23,000 lien against defendants’ real property. The trial court granted a summary judgment for defendants. Civil Code section 3144 provides that no lien binds any property for more than 90 days unless within that time an action to foreclose the lien “is commenced in a proper court, . . .” This case involves the meaning of “a proper court,” as applied to the timely filing of a lien action in the superior court and the untimely transfer of that action to the municipal court. We conclude that “a proper court” includes all courts within the judicial district and the county in which the property is located.[1]
The facts are undisputed. In August 1989, plaintiff recorded a mechanic’s lien against defendants’ property in the amount of $23,266.22. In October 1989, plaintiff timely filed a lien foreclosure action in the Los Angeles Superior Court, seeking recovery of the principal sum. At a status conference nine months after the lien was recorded, the superior court transferred the action to the municipal court because plaintiff’s lien claim fell below the jurisdictional minimum of the superior court.
*Supp. 3 Defendants then moved for summary judgment, arguing that the lien was void because plaintiff’s action had not been transferred to “a proper court” having subject matter jurisdiction within 90 days after the lien was recorded, pursuant to Civil Code section 3144. The trial court agreed and this appeal followed.
Plaintiff contends that the trial court erred in dismissing the action. Plaintiff’s theory is this: If a case is timely filed in the superior court of the county in which the property is located, and is later transferred to the proper municipal court in that county because the superior court lacks subject matter jurisdiction, the fact that the transfer occurs after 90 days does not affect a party’s right to foreclose on a lien. We agree.
Civil Code section 3144, in part, provides: “(a) No lien provided for in this chapter binds any property for a longer period of time than 90 days after the recording of the claim of lien, unless within that time an action to foreclose the lien is commenced in a proper court . . . .” Code of Civil Procedure section 392, subdivision (2) provides a definition of “proper court” for real property actions. In part, it states: “If there is a municipal or justice court, having jurisdiction of the subject matter of the action, established in the city and county or judicial district in which the real property which is the subject of the action, or some part thereof, is situated, such court is the proper court for the trial of such action . . . .” (Italics added.)
Both parties rely on States Shingle Co. v. Kaufman (1964) 227 Cal.App.2d 830 [39 Cal.Rptr. 196] (States Shingle). In States Shingle, the plaintiff filed an action in Alameda County Superior Court to foreclose a $2,300 lien against property located in El Dorado County. When the action was finally transferred to El Dorado County, the 90-day period had passed. (227 Cal.App.2d at pp. 832-833.) The court rejected the plaintiff’s argument based on the relation-back provisions of Code of Civil Procedure section 396, which governs the transfer of cases. Instead, the court considered jurisdiction and venue “for the precise purpose of the particular statute in which it appears” (227 Cal.App.2d at p. 834), found the apparent statutory objective of the lien foreclosure procedures was to free property subject to a lien after 90 days unless an action had been filed, and ruled that “[p]ersons dealing with the property are entitled to rely upon the record,” and “should not force the burden of examining court filings in superior and municipal courts in 57 California counties other than that in which the construction work has occurred.” (Id., at p. 835.) “Once the 90-day suit filing period has expired, the landowner, as well as the purchaser and encumbrancer, may rely upon the record in the county where the land is located.” (Id., at p. 836.)
*Supp. 4 Plaintiff and defendants each extract language from States Shingle to support their positions, but the most that can legitimately be extracted from States Shingle is that persons dealing with real property are entitled to “rely upon the record,” and should not be required to examine municipal and superior court filings in counties “other than that in which the construction work has occurred.” (States Shingle, supra, 227 Cal.App.2d at p. 835.)
States Shingle was followed and applied to more recent statutes in Douglas v. Donner Pines, Inc. (1977) 73 Cal.App.3d 268, 271-272 [140 Cal.Rptr. 839] and Automatic Sprinkler Corp. v. Southern Cal. Edison Co. (1989) 216 Cal.App.3d 627, 635 [266 Cal.Rptr. 662], Both cases involved actions filed in counties other than the county in which the property was located. In Halbert’s Lumber, Inc. v. Burdett (1988) 202 Cal.App.3d Supp. 14 [249 Cal.Rptr. 285], this court held that a lien foreclosure action was barred, where the action, although timely filed in the proper county, was filed in the wrong judicial district and not transferred to the proper judicial district until more than 90 days had elapsed. (Id., at pp. Supp. 16, 18-19.) All four cases involved territorial as opposed to subject matter jurisdiction. (See, generally, 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, §§ 1-8, pp. 365-374.)
The parties agree that there is no ambiguity in Code of Civil Procedure section 392 which, as noted, provides that the proper court for the foreclosure of liens, in a case involving less than $25,000 is the municipal or justice court, “having jurisdiction of the subject matter . . . established in the city and county or judicial district in which the real property ... is situated,
Defendants, purporting to rely on States Shingle, supra, 227 Cal.App.2d 830, contend that where, as here, the Los Angeles Municipal Judicial District was at all times the proper court for this action, plaintiffs failure to file in or transfer the case to the Los Angeles Judicial District within 90 days should bar plaintiffs right to proceed on this lien foreclosure action.
We do not agree. First, defendants distort the language of States Shingle, supra, 227 Cal.App.2d 830, to reach the conclusion that States Shingle means that a diligent person need check the records of only one court in every real property lien case. States Shingle did not so hold or even intimate. Second, the Legislature in Civil Code section 3144 required that lien actions be filed within 90 days in a proper court.” (Italics added.) The Legislature thus recognized the possibility that more than one court might be the proper court.
*Supp. 5 Third, defendant’s argument, based on cases involving territorial jurisdiction, does not stretch to cover cases involving subject matter jurisdiction. The premise of the cited cases is that the location of real property does not, under any circumstances, change. Persons interested in the property should be entitled to rely on the records of only the court or courts potentially having territorial jurisdiction. Otherwise, persons interested in the status of the property would be required to check the court records of every judicial district and county in this state, since the location of misfiled complaint would be unpredictable.
Subject matter jurisdiction, which gives rise to either municipal/justice court jurisdiction or superior court jurisdiction, is much more flexible. While the property' remains in the same district and county, the proper court for subject matter jurisdiction may vary even if the face amount of the lien suggests the proper court, because, for example, part of the lien has been paid, or a cause of action to foreclose a small lien is joined with a very substantial claim based on fraud, or for other reasons. Thus, defendants’ insistance that parties should be entitled to rely on the face amount of the lien in searching court records is unreasonable and provides no sound basis for deciding which court, in fact, has subject matter jurisdiction.[2]
We conclude, in short, that “a proper court” in the context of lien foreclosures against real property means either the superior court or the municipal/justice court which includes the location of the real property.
The judgment is reversed. Appellant to recover costs on appeal.
Roberson, P. J., and Johnson, J., concurred.

 Counsel agree that this precise issue has not been decided by any court construing California law.

 We note that the Legislature has specifically provided for transfer to the superior court of lien actions against real property in situations where another action is pending in the superior court or where the aggregate of all lien actions exceeds $25,000. (Code Civ. Proc., § 86, subd. (a)(6).) In such a situation, a person seeking information about liens against certain real property would be required to search the records of both the justice/municipal court and the superior court.